1
2
3
4
5
6
7

IN THE UNITED STATES DISTRICT COURT

8

FOR THE EASTERN DISTRICT OF CALIFORNIA

9
10
11

| | |
|---|---|
| **ELIGIO ORTIZ,** | 1:16-cv-00921 MJS HC |
| Petitioner, | **FINDINGS AND RECOMMENDATION TO DISMISS ACTION FOR FAILURE TO FOLLOW COURT ORDER** |
| **v.** | **ORDER DIRECTING CLERK OF COURT TO ASSIGN DISTRICT COURT JUDGE TO THE PRESENT MATTER** |
| **K. HOLLAND, Warden,** | **[Doc. 4]** |
| Respondent. | |

12
13
14
15
16
17
18
19

**I.      Findings**

20

Petitioner is California state prisoner proceeding *pro se* with a petition for writ of

21

habeas corpus pursuant to 28 U.S.C. § 2254.

22

On June 27, 2016, Petitioner filed a petition for writ of habeas corpus. On June

23

30, 2016 the Court ordered Petitioner to show cause why the petition should not be

24

dismissed for failure to exhaust state remedies. (ECF No. 4.) Petitioner was provided

25

thirty (30) days to respond and was provided notice that failure to comply could result in

26

dismissal of the petition.   Over thirty (30) days have passed, and Petitioner has not

27

responded to the order to show cause.

28

1    In determining whether to dismiss an action for lack of prosecution, the court must

2    consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

3    the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4)

4    the public policy favoring disposition of cases on their merits; and (5) the availability of

5    less drastic alternatives.  Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986);

6    Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988).  The Court finds that the public's

7    interest in expeditiously resolving this litigation and the Court's interest in managing the

8    docket weigh in favor of dismissal as this case. The third factor, risk of prejudice to

9    respondents, also weighs in favor of dismissal, since a presumption of injury arises from

10   the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West,

11   542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, public policy favoring disposition of

12   cases on their merits, is outweighed by the factors in favor of dismissal discussed herein.

13   Finally, given Petitioner's failure to communicate with the Court despite an order

14   requiring him to do so, no lesser sanction is feasible.

15   Petitioner has failed to prosecute the present matter by failing to follow a court

16   order. Therefore, the petition must be dismissed.

17

18   **II.    Recommendation**

19   Accordingly, the Court HEREBY RECOMMENDS that this action be DISMISSED

20   for Plaintiff's failure to comply with a court order. Further, the Court ORDERS the Clerk

21   of Court to assign a District Court Judge to the present matter.

22   This Findings and Recommendation is submitted to the assigned United States

23   District Court Judge, pursuant to the provisions of Title 28 of the United States Code

24   section 636 (b)(1)(B). Within thirty (30) days after being served with a copy, any party

25   may file written objections with the court and serve a copy on all parties. Such a

26   document should be captioned "Objections to Magistrate Judge's Findings and

27   Recommendation." The Court will then review the Magistrate Judge's ruling pursuant to

28   Title 28 of the United States Code section 636(b)(1)(C). Plaintiff is advised that failure to

1  file objections within the specified time may waive the right to appeal the District Court's

2  order. <u>Wilkerson v. Wheeler</u>, 772 F.3d 834, 839 (9th Cir. 2014).

3

4  IT IS SO ORDERED.

5

6     Dated:    August 6, 2016          /s/ *Michael J. Seng*

            UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28